IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, INC.,   \*

   Plaintiff,   \*

v.   \*   Civil Action No. 8:21-cv-01050-PX

MEGHA HOTELS, LLC, *et al.*,   \*

   Defendants.   \*

\*\*\*

## MEMORANDUM OPINION

Pending before the Court is Plaintiff Choice Hotels International, Inc. ("Choice Hotels")'s motion for default judgment. ECF No. 6. Finding no hearing necessary, *see* D. Md. Loc. R. 105.6, the Court GRANTS Choice Hotels' motion and ENTERS judgment as requested.

### I.   BACKGROUND

Choice Hotels is a Delaware corporation with a principal place of business in Rockville, Maryland. ECF No. 1 ¶ 1. As a hospitality franchisor, Choice Hotels' business model involves licensing its intellectual property—including the use of recognizable brand names like Rodeway Inn & Suites—to franchisees pursuant to written franchise agreements. *Id.* On February 8, 2018, Choice Hotels entered into a Franchise Agreement with Defendants Megha Hotels, LLC and Diptiben Patel (collectively, "Defendants"). *Id.* ¶¶ 2–4. Under the Franchise Agreement, Choice Hotels granted Defendants a license to own and operate a Rodeway Inn & Suites branded hotel in Cullowhee, North Carolina, in exchange for Defendants' paying Choice Hotels certain agreed-upon fees. *Id.* ¶¶ 4–5. The Franchise Agreement also included a provision mandating arbitration as the dispute resolution mechanism for breaches of the contract. ECF No. 1-1.

When Defendants "fell behind in remitting required payments," Choice Hotels sent them a written notice of default, which advised Defendants that they had breached the Franchise

Agreement. *Id.* Because Defendants failed to cure the default, Choice Hotels terminated the Franchise Agreement on May 13, 2019 and initiated arbitration proceedings on July 9, 2020. *Id.* ¶¶ 7–8. Defendants did not appear or otherwise participate in the arbitration proceeding. *Id.* ¶ 10. On January 11, 2021, after an evidentiary hearing, the arbitrator issued an "Ex Parte Final Award" to Choice Hotels for $100,059.11, which represented "outstanding and unpaid monthly fees," interest on the outstanding principal, liquidated damages, and arbitration-related expenses. ECF No. 1-2 at 4.

Choice Hotels next filed suit in this Court on April 30, 2021, seeking confirmation of the arbitration award. ECF No. 1. Defendants were served with process on July 17, 2021, but they have failed to respond or otherwise contest Choice Hotels' claims. *See* ECF No. 4. On Choice Hotels' motion, the Clerk entered default against Defendants on September 16, 2021. *See* ECF Nos. 5, 8–10. Now pending before the Court is Choice Hotels' motion for default judgment. ECF No. 6.

**II.     STANDARD OF REVIEW**

Generally, courts maintain "a strong policy that cases be decided on the merits." *United States v. Schaeffer Equip. Co.*, 11 F.3d 450, 453 (4th 1993). However, when a party against whom judgment is sought fails to plead or otherwise defend, Federal Rule of Civil Procedure 55 accords the Court discretion to grant default judgment. *See* Fed. R. Civ. P. 55(b)(2). In reviewing such a motion, the Court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

If the Complaint avers sufficient facts from which the Court may find liability, the Court next turns to damages. *See Ryan*, 253 F.3d at 780–81. The kinds of damages available in default are circumscribed by the Complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The ultimate damages request must be supported by evidence introduced either at a hearing or by affidavit or other records. *See SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 423 n.2 (D. Md. 2005); *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010).

### III.  ANALYSIS

A plaintiff moving for default judgment to confirm an arbitration award "must show that it is entitled to confirmation of the arbitration award as a matter of law." *Choice Hotels Int'l, Inc. v. Ja I Shree Navdurga, LLC*, DKC 11-2893, 2012 WL 5995248, at *2 (D. Md. Nov. 29, 2012) (collecting cases). Section 9 of the Federal Arbitration Act provides that "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." Review of an arbitration award is "severely circumscribed" because a more expansive review would "frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 194 (4th Cir. 1998).

Choice Hotels initiated this suit within one year of receiving the arbitration award. *Compare* ECF No. 1 *with* ECF No. 1-2. The arbitration itself took place in Maryland. ECF No. 1 ¶ 12. Additionally, the parties are of diverse citizenship and the amount-in-controversy

exceeds $75,000.00, so this Court may properly exercise diversity jurisdiction over this action. *Id.* ¶ 15; *see also* 28 U.S.C. § 1332.

The dispute giving rise to the arbitration award fell under the Franchise Agreement, which included a mandatory arbitration clause. No evidence suggests that the Franchise Agreement is invalid, and so this Court's review of the arbitration award is limited to determining whether the award was procured by corruption, fraud, or undue means; whether the arbitrator exhibited partiality or misconduct; whether misconduct on the part of the arbitrator prejudiced the rights of one of the parties; and whether the arbitrator exceeded his powers. *See* 9 U.S.C. § 10(a). Defendants have made no showing that the arbitration award should be vacated on any of these grounds. Thus, default judgment as to confirmation of the arbitration award is proper.

Regarding the award amount to be confirmed, the arbitration award entitles Choice Hotels to $38,726.70 in outstanding and unpaid monthly fees; $14,750.73 in interest; $37,606.68 in liquidated damages; and $8,975.00 in arbitration-related fees (totaling $100,059.11). ECF No. 1-2 ¶ 8. Because Choice Hotels has properly supported its damages request with evidence beyond the four corners of the Complaint, *see* ECF Nos. 1-1, 1-2, 6-1, the arbitration award amount is confirmed entirely. Choice Hotels also requests reimbursement of $400.00 in court costs, plus post-judgment interest until the judgment is satisfied. Because the cost of bringing this action was requested in Choice Hotels' initial application and is not otherwise barred, the Court will order this relief. *See* Fed. R. Civ. P. 54(c); Fed. R. Civ. P. 45(d)(1). Post-judgment interest, however, is awarded by operation of law and not by the Court. *See* 28 U.S.C. § 1961(a); *Choice Hotels*, 2012 WL 5995248 at *4. The Court therefore will not include post-judgment interest as part of the damages award.

## IV. CONCLUSION

For the foregoing reasons, Choice Hotels' motion for default judgment (ECF No. 6) is GRANTED.  Choice Hotels is entitled to $100,459.11 in damages.  A separate Order follows.

December 28, 2021                                             /s/
Date                                              Paula Xinis
                                                  United States District Judge